MAY 22 2025 PM1:43
FILED - USDC - NDTX - LU

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

UNITED STATES OF AMERICA

v. NO. 5:25-CR-011-H

STEPHEN PATRICK FURR

## FACTUAL RESUME

In support of Stephen Patrick Furr's plea of guilty to the offense in Count One of the Indictment, Furr, the defendant, Daniel W. Hurley, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Indictment, charging a violation of 18 U.S.C. § 875(c), that is, Interstate Threatening Communications, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First*: That the defendant knowingly sent or transmitted a communication containing a true threat to injure the person of another, as charged;

*Second:* That the defendant transmitted the communication either with the purpose of issuing a true threat or with knowledge that the communication would be understood as a true threat, as defined in this factual resume; and

*Third*: That the communication was sent in interstate or foreign commerce.

A "true threat" is a serious statement expressing an intent to injure any person, which under the circumstances would cause apprehension in a reasonable person, as distinguished from mere idle or careless talk, exaggeration, or something said in a joking manner.

The United States Court of Appeals for the Fifth Circuit has held that this crime

[1] Fifth Circuit Pattern Jury Instruction 2.39 (5th Cir. 2024) (modified); *see United States v. Towery*, No. SA-20-CR-342-XR, 2022 WL 789332, at *3 (W.D. Tex. Mar. 14, 2022).

does not require that the threat be made directly to the victim. *United States v. Morales*, 272 F.3d 284, 288 (5th Cir. 2001).

Postings on the Internet are sent in interstate or foreign commerce because transmitting messages by means of the Internet is tantamount to moving messages across state lines and thus constitutes transportation in interstate commerce. *Cf. United States v. Runyan*, 290 F.3d 223, 239 (5th Cir. 2002) (holding that use of Internet, in and of itself, constitutes interstate transportation sufficient to satisfy the interstate commerce element of 18 U.S.C. § 2251); *see United States v. Elonis*, 897 F. Supp.2d 335, 343-44 (E.D. Pa. 2012), *overruled on other grounds by Elonis v. United States*, 575 U.S. 723 (2015) (holding same in the context of 18 U.S.C. § 875(c)).

## STIPULATED FACTS

1. Stephen Patrick Furr admits and agrees that on or about February 3, 2025, in the Lubbock Division of the Northern District of Texas, and elsewhere, for the purpose of issuing a threat to injure or kill another person or with knowledge that the communication would be viewed as a threat to injure or kill another person, did knowingly transmit in interstate or foreign commerce a post on Blue Sky containing a true threat to injure or kill another person, that is, students at an elementary school in Lubbock, Texas. In violation of Title 18, United States Code, Section 875(c).

2. The FBI received a tip that "Zyrn," a Bluesky account user had posted threats online. Bluesky is a microblogging social media Internet service where users can share short posts containing texts, images, and videos. It is similar to Twitter and X.

3. On or about February 2, 2025, at 4:31 p.m. (CST), Zyrn posted the below:




Zyrn later posted the following:




4. The images in the immediately preceding post are consistent with images from two consecutive mass shootings in Christchurch, New Zealand, on March 15, 2019. 51 people were murdered and 89 others were injured in those shootings.

5. The FBI received an online tip about these posts on February 3, 2025, and identified the user "Zyrn" as Stephen Patrick Furr. That same day, the FBI contacted Furr at his home in Lubbock, Texas. Furr was disheveled and unkempt. Furr admitted words to the effect that he made a lot of posts on social media. Furr made statements that led FBI agents to believe that Furr was in psychiatric distress. For example, he stated that he would not talk to the agents until President Trump confirmed that they were FBI agents. He also was screaming incoherent profanities while inside the residence.

6. Based on Furr's posts on Bluesky and his erratic behavior, FBI agents applied for, and were later issued, an arrest warrant for Furr. The Lubbock Police Department SWAT team responded to the scene to assist in apprehending Furr. After an initial refusal to surrender and standoff, Furr ultimately surrendered to law enforcement officers.

7. After he surrendered, law enforcement executed a search warrant at Furr's residence. A search of Furr's residence yielded several electronic devices, several bladed weapons, but no firearms.

8. Furr admits that on February 2, 2025, he knowingly sent or transmitted a communication containing a threat to injure or kill students at an elementary school in Lubbock, Texas, as charged in Count One of the Indictment. Furr admits that he transmitted the communication with the purpose of issuing a true threat and with knowledge that the communication would be understood as a true threat, as defined in this factual resume. Furr admits that by posting on Bluesky, his communication was sent in interstate or foreign commerce.

9. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Indictment.

AGREED TO AND STIPULATED on this 19 day of May, 2025.

CHAD E. MEACHAM
ACTING UNITED STATES ATTORNEY

STEPHEN PATRICK FURR
Defendant

JEFFREY R. HAAG
Assistant United States Attorney
West Texas Branch Chief
Texas State Bar No. 24027064
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone: 806-472-7559
Facsimile: 806-472-7394
E-mail: jeffrey.haag@usdoj.gov

DANIEL W. HURLEY
Attorney for Defendant